**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALVARO SANCHEZ-LOPEZ, a.k.a. Pedro Quintero Lopez, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.  18-73419 <br><br> Agency No. A077-201-855 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025[**]
Pasadena, California

Before:  GOULD, BEA, and BADE, Circuit Judges.

Alvaro Sanchez-Lopez, a.k.a. Pedro Quintero Lopez (Petitioner), a native and

citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA)

order dismissing his appeal from an immigration judge's (IJ) decision denying his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention Against Torture (CAT).

We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence in the record. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation omitted). Under the substantial evidence standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. To establish eligibility for withholding of removal, Petitioner must demonstrate that his "life or freedom would be threatened 'because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)). Petitioner must show by a "clear probability" that he will suffer persecution in Mexico, *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021), and that this persecution has a "nexus" to one of the five protected grounds listed at 8 U.S.C. § 1231(b)(3)(A). *Salguero Sosa v. Garland*, 55 F.4th 1213, 1221 (9th Cir. 2022). To satisfy the nexus requirement, Petitioner must show that a protected ground is "a reason" for his persecution. *Barajas-Romero*, 846 F.3d at 358 (emphasis omitted) (quoting 8 U.S.C. § 1231(b)(3)(C)).

Substantial evidence supports the agency's denial of Petitioner's application for withholding of removal because he failed to demonstrate that any future persecution would have a nexus to his membership in his proposed particular social group (PSG) ("male Sanchez family members through blood and marriage"). The agency assumed that Petitioner's proposed PSG was cognizable but found that Petitioner had failed to establish a nexus between any persecution and his membership in the PSG.

Petitioner's only evidence in support of his theory was that six male members of his family had been killed or had disappeared in Mexico. But Petitioner never identified a culprit for any of these killings or disappearances. Nor did Petitioner explain why he would likely be a target of violence just because some distant members of his family had fallen victim to violence, when more immediate members of his family have lived in Mexico for decades without suffering any harm.

Petitioner testified that his father had lived in Mexico for several decades without being harmed by criminals. Two of Petitioner's biological brothers continue to live in Mexico and have never been "harmed or threatened" by criminals. "[A] petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed." *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (emphasis in original) (quoting *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009)). Substantial

evidence supports the agency's finding that Petitioner failed to show that he would likely suffer persecution because of his status as a male member of the Sanchez family. We therefore deny the petition as to withholding of removal.[1]

2. Substantial evidence also supports the agency's decision to deny Petitioner's application for protection under CAT. An applicant is entitled to CAT relief only if he shows "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "Generalized evidence of violence and crime is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted). Rather, the "record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Id.* (emphasis in original).

The agency properly found that Petitioner's reports of general violence in Mexico failed to show that there was any threat "particularized to him," and that he was not eligible for CAT protection. Petitioner testified that he had never suffered physical harm in Mexico, let alone torture. Further, Petitioner never identified a

---

[1] Petitioner also sought withholding of removal on the basis that he would suffer harm upon removal to Mexico on account of his status as a deportee and his political opinion. The IJ rejected both arguments. Petitioner did not "specifically and distinctly" raise these issues in his opening brief and thus forfeits them. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (citation omitted). We do not consider Petitioner's forfeited arguments.

particular group that was responsible for the deaths of his family members. Petitioner failed to establish that his family members were killed because they were members of the Sanchez family, rather than being victims of generalized violence. Because Petitioner cannot prove that he is "any more likely to be [a] victim[] of violence and crime[] than the populace as a whole in Mexico," he fails to establish his eligibility for protection under CAT. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) (citation omitted); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard [for CAT protection].").

In sum, Petitioner did not offer any evidence that showed a particular threat of torture to him. Rather, his testimony demonstrated that the State of Sinaloa has a high level of crime and violence. That is insufficient to carry his burden. *See Park*, 72 F.4th at 980. We therefore deny the petition as to CAT relief.

**PETITION DENIED.**[2]

---

[2] Petitioner's motion to stay removal, Dkt. 1, is denied. The temporary stay of removal shall remain in place until the mandate issues.